**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney**

Civil Action No. 25-cv-02970-CNS

SCOT LEE STOCKWELL,

     Petitioner,

v.

DAVID WOLFSGRUBER, CDOC Director of Adult Parole,

     Respondent.

---

## ORDER

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1 (the Application), filed *pro se* by Petitioner, Scot Lee Stockwell, on September 22, 2025. Respondents have filed an Answer. ECF No. 13. Petitioner has not filed a reply. Respondents also filed a pre-answer response, ECF No. 8, in response to Magistrate Judge Richard T. Gurley's order directing them to do so, ECF No. 5, and the Court also considers the arguments in the pre-answer response in connection with this Order.

The Court construes the Application liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed

1

below, the Application is denied.

## I.    SUMMARY FOR PRO SE PETITIONER

You filed an Application for a writ of Habeas Corpus with the Court arguing that the attorney who represented you in your state criminal court proceedings provided you with constitutionally deficient legal counsel in violation of the Sixth Amendment in three different ways. As explained in further detail below, the Court finds that your three claims do not warrant a reversal of your criminal conviction and, as a result, your Application is denied. First, the Court agrees with the Colorado Court of Appeals that your failure to raise claim one in your first post-conviction appeal in state court prevents the Court from considering it now. With respect to claims two and three, the Court reviewed the Colorado Court of Appeals' order denying those claims, and finds that the court's rationale was reasonable, and not based on any incorrect determination of fact or law, and so this Court adopts that rationale here and denies claims two and there for the same reasons.

## II.    BACKGROUND

Petitioner is a parolee in the custody of the Colorado Department of Corrections. ECF No. 1 at 2. He previously entered into a plea agreement resolving charges against him in two different criminal cases brought in Larimer County District Court and Weld County, Colorado, respectively. ECF No. 8-3 at 3.[1] Petitioner now files this habeas Application pursuant to 28 U.S.C. § 2254 to challenge the validity of his conviction and

---

1 The Court may take judicial notice of documents filed in the state-court proceedings. *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

sentence in Larimer County District Court case number 17CR1011, ECF No. 1 at 2, and he asks that the Court reverse his sentence and remand his criminal case "back to Larimer County District Court for an evidentiary hearing," *id.* at 25. Petitioner contends that he received ineffective legal assistance from his criminal attorney in violation of his rights under the Sixth Amendment of the United States Constitution. *See generally id.* at 9–23.

This is not Petitioner's first time seeking such relief. Petitioner twice previously sought postconviction relief in state court. *See* ECF Nos. 8-3, 8-6. On appeal from the denial of Petitioner's first court postconviction motion, the Colorado Court of Appeals (CCOA) described the relevant factual and procedural background of Petitioner's case:

> The State charged Stockwell with two class 4 felony unlawful sexual contact charges, two class 4 felony contributing to the delinquency of a minor charges, and a class 5 felony sexual exploitation of a child charge. Stockwell was accused of providing alcohol and drugs to two minors, inappropriately touching the minors, asking the minors to "flash" him, and receiving nude images of the minors. The evidence supporting these allegations included Facebook messages between Stockwell and the minors, interviews of the minors regarding their interactions with Stockwell, and a recorded pretextual phone call, during which Stockwell made inculpatory statements.

> During the investigation of this case, a new victim came forward in Weld County, and Stockwell was charged in that jurisdiction with two class 4 felony unlawful sexual contact charges and two class 3 felony sexual exploitation of children charges. Defense counsel sought continuances in the underlying matter in order to negotiate a global plea disposition of the two cases. At one hearing, counsel conveyed the progress that had been made and noted that "Mr. Stockwell need[ed] additional time to review the media discovery in his Weld County case."

> Eventually, Stockwell agreed to plead guilty in this case to an added count of sexual assault on a child by one in a position of trust in exchange for a

stipulated ten-year-to-life sentence on sex offender intensive supervision probation (SOISP) and the dismissal of the original charges. The agreement was part of a global plea agreement with the Weld County case and provided for the SOISP sentence here to run consecutive to the stipulated determinate prison sentence that would be imposed in the Weld County case upon the entry of Stockwell's guilty plea to sexual exploitation of a child.

On his written plea agreement, Stockwell stated that he was satisfied with his attorney's representation but noted that "[he] fe[lt] more could have been done but [that currently appointed plea counsel] [had] t[aken] the case very late."

At the providency hearing, defense counsel expressed his belief that the plea offer was "extremely overly harsh" but acknowledged "that should the case proceed to trial, there [wa]s a high likelihood of an indeterminate prison sentence." Counsel waived the establishment of a factual basis for the plea and stated that Stockwell was accepting the plea offer "in order to get a ten to life probationary sentence, and avoid a mandatory indeterminate prison [sentence] [o]n the unlawful sexual contact" charge. Before pleading guilty, Stockwell confirmed that he read, understood, and signed the plea documents.

At the sentencing hearing held and after Stockwell's sentencing in the Weld County case, defense counsel first noted his disagreement with information on the presentence investigation report regarding individuals unrelated to the present case.

Defense counsel then stated that Stockwell admitted to making "poor choices" "by providing [the minors with] alcohol and marijuana, and receiving texts from them, and then there's the flashing incidents." Counsel reiterated his belief that, compared to this conduct, the stipulated sentence was "unduly harsh."

But, defense counsel acknowledged that, "if [Stockwell] went to trial, he would face an indeterminate mandatory [prison] sentence on the unlawful sexual contact" charge. He stated that Stockwell "only took the deal in this case to avoid an indeterminate prison sentence" and that, "at the end of the day, Mr. Stockwell did not want to go to trial and risk an indeterminate prison sentence, so he did plead guilty." Stockwell expressed regret for his actions.

The trial court imposed the stipulated SOISP sentence and ordered it to run

consecutive to the determinate prison sentence imposed in the Weld County case.

ECF No. 8-3 at 2–5 (cleaned up; footnote omitted).

### III.    ANALYSIS

Construing the Application liberally, Petitioner asserts three claims contending that his Sixth Amendment rights were violated due to ineffective assistance of counsel and arguing that his attorney's actions violated his rights to due process and equal protection under the Fourteenth Amendment. In connection with each claim, Petitioner argues that he was prejudiced by his attorneys' alleged shortcomings under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court liberally construes Petitioner's arguments to mean that, had his counsel undertaken the actions identified in the Application, Petitioner would have rejected the plea agreement and instead proceeded to trial. The Court provides the relevant legal standards and considers each of Petitioner's claims below.

#### A.    Legal Standards

##### 1.  *Section 2254(d)* and *Claims Adjudicated On The Merits In State Court*

The Application is brought pursuant to 28 U.S.C. § 2254. As amended, "28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. § 2254(a)). One such restriction arises under 28 U.S.C. § 2254(d), which provides that a writ of habeas corpus may not be issued to a federal habeas petitioner challenging a claim adjudicated on the merits in state court unless the

5

state court adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Under § 2254(d)(1), the threshold question is whether Petitioner seeks to apply a rule of law that was clearly established by the Supreme Court at the time the state court adjudicated the claim on its merits. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The absence of clearly established federal law ends the Court's § 2254(d)(1) inquiry. *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008). A state court decision is contrary to clearly established federal law if the state court either applies a rule that contradicts governing Supreme Court law or decides a case differently than the Supreme Court on materially indistinguishable facts. *See id.* ("A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts."). A decision is objectively unreasonable "only if all fairminded jurists would agree that the state court got it wrong." *Stouffer v. Trammel*, 738 F.3d 1205, 1221 (10th Cir. 2013) (cleaned up).

This makes sense, as the Supreme Court has recognized that the standard in

§ 2254(d), "is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen*, 563 U.S. at 181 (citations omitted); *see also Wilson v. Sellers*, 584 U.S. 122, 125 (2018) ("Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims,' and to give appropriate deference to that decision.") (citations omitted). Thus, where, as here, "the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion," a federal habeas court's inquiry is "straightforward": it "simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson*, 584 U.S. at 125. And as the Petitioner, he bears the burden of proof under § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Additionally, courts "may not consider claims that have been 'defaulted in state court on adequate and independent state procedural grounds . . . unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (citing *Matthews v. Workman,* 577 F.3d 1175, 1195 (10th Cir. 2009) (cleaned up)).

### 2.  *Sixth Amendment Ineffective Assistance of Counsel Claims*

The Sixth Amendment to the United States Constitution provides that "[i]n all

criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

As provided by the Supreme Court in *Strickland v. Washington*, to establish counsel was ineffective, Petitioner must demonstrate both that (1) counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance resulted in prejudice to his defense. 466 U.S. 668, 687 (1984); *see also Wood v. Carpenter*, 907 F.3d 1279, 1290 (10th Cir. 2018) (same). But "[s]urmounting *Strickland*'s high bar is never an easy task," *Wyban v. Stancil, et. al*, No. 26-1008, 2026 WL 972842, at *2 (10th Cir. Apr. 10, 2026) (citations omitted), and it is Petitioner's burden to do so, *Strickland*, 466 U.S. at 697. Failure to satisfy either prong of the *Strickland* test results in dismissal of the ineffective assistance of counsel claim. *See id*.

As to *Strickland*'s first prong, the Tenth Circuit has cautioned that "review of counsel's performance . . . is a 'highly deferential.'" *Byrd*, 645 F.3d at 1168 (citing *Hooks v. Workman,* 606 F.3d 715, 723 (10th Cir. 2010)). Courts "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Wyban*, 2026 WL 972842, at *2 (citing *Harrington v. Richter*, 562 U.S. 86, 104 (2011)); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). In other words, to meet *Strickland's* first prong, counsel's performance "must have been completely unreasonable, not merely wrong."

*Byrd*, 645 F.3d at 1168 (citing *Hooks,* 606 F.3d at 723).

Additionally, as noted above, if a state court has already adjudicated an ineffective assistance claim on the merits, "we must apply an extra level of deference." *Wyban*, 2026 WL 972842, at *3 (citing *Harrington*, 562 U.S. at 105). In such circumstances, "[w]hen assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [federal courts] defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how to best represent a client." *Harmon v. Sharp*, 936 F.3d 1044, 1058 (10th Cir. 2019) (citing *Hooks v. Workman*, 689 F.3d 1148, 1187 (10th Cir. 2012) (cleaned up)). To succeed, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

Thus, "when § 2254(d) applies," as it does here, the question as to the first prong of the *Strickland* test "is not whether counsel's actions were reasonable. The question is whether *any* reasonable argument exists that counsel satisfied *Strickland's* deferential standard." *Harmon*, 936 F.3d at 1058 (citing *Harrington*, 562 U.S. at 105 (cleaned up)). In this way, review under § 2254(d) is "doubly deferential." *Id.* (citation omitted). The challenge is even greater for a petitioner under § 2254, as our review in such circumstances is "doubly deferential." *Byrd*, 645 F.3d at 1168 (citing *Knowles v. Mirzayance,* 556 U.S. 111 (2009)).

As to *Strickland*'s prejudice prong, Petitioner must establish "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Harrington*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable."). In the context of a guilty plea, prejudice under *Strickland* means a reasonable probability that, but for the challenged conduct, the defendant "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To determine whether Petitioner has established prejudice, the Court must look at the totality of the evidence. *See Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

### B.    Claim One

The Court turns first to claim one in which Petitioner contends that his criminal attorney's performance was constitutionally deficient because counsel failed to bring to the attention of the court an allegedly false statement contained in a police report. *See* ECF No. 1 at 10. Specifically, Petitioner argues that the police report contained a victim statement that falsely identified the person who purportedly introduced a victim to Petitioner. *Id.* at 9–10. Petitioner argues that, had his attorney raised this to the court, he "could have had the opportunity to confront this witness about the information he provided in the affidavit and the police report." *Id.* at 10. In its Pre-Answer Response to the Application, Respondent urges the Court to find that claim one is procedurally defaulted because the CCOA has already considered and rejected this claim in a Petitioner's second postconviction appeal, determining that it was both untimely under state law, *see*

ECF No. 8 at 4–6 (citing Colo. Rev. Stat. § 16-5-402(1)), and barred by Colorado's rule prohibiting piecemeal postconviction litigation, *id.* (citing Colo. R. Crim. P. 35(c)(3)(VII)); *see also* ECF No. 8-6 (CCOA's May 22, 2025 decision). In its Answer, Respondent reiterates the same argument. *See* ECF No. 13 at 15–16.[2] The Court agrees with Respondent on both points.

As noted above, "a federal court may grant habeas relief only with respect to federal claims that state prisoners have appropriately exhausted by adequately presenting the substance of the claims to the appropriate state court for review." *Ellis v. Raemisch*, 872 F.3d 1064, 1091 (10th Cir. 2017) (citing *Hawkins v. Mullin*, 291 F.3d 658, 669 (10th Cir. 2002)). A court will not "review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it "was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (citation modified). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred," absent the application of

---

[2] Consideration of Respondent's procedural default argument in the Pre-Answer Response was deferred during the initial review because the record at that time was not sufficient to determine whether claim one is substantial.

a specific exception. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012).

Upon review of the underlying state court decision, the Court finds that the CCOA dismissed claim one on independent and adequate grounds under state law. Specifically, claim one was dismissed as time barred because Petitioner presented it for postconviction review in state court five years after Petitioner's conviction became final in June 2018, in violation of C.R.S § 16-5-402. *See* ECF No. 8-6 at 2, 5. The CCOA's reliance on C.R.S § 16-5-402, which requires that attacks brought under Colo. R. Crim. P 35(c) for any non-class 1 felony convictions be filed within three years of a defendant's conviction, *id.* ¶¶ 2, 7 (citing C.R.S § 16-5-402), is an independent and adequate state procedural ground on which a request for relief under § 2254(d) may be denied. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995) (state court's application of C.R.S. § 16-5-402 was "adequate" and "independent" "to support application of a procedural bar").

Additionally, the CCOA's application of Colorado's rule prohibiting successive briefing on postconviction claims is separate independent and adequate state procedural ground on which claim one was found to be defaulted and dismissed. Specifically, the CCOA explained that because Petitioner failed to raise claim one in his first postconviction motion (as Petitioner acknowledges, *see* ECF No. 8-6 ¶ 6), Colorado's "procedural bar on successive motions" prohibited consideration of claim one in connection with Plaintiff's second postconviction appeal. *See* ECF No. 8-6 ¶¶ 4–6 (citing Crim. P. 35(c)(3)(VII)); *see also* ECF No. 8-3 at 14–15. Proper application of Colorado's Crim. P. 35(c)(3)(VII), which

prohibits the filing of successive postconviction briefing where a "claim that could have been presented in an appeal previously brought" but was not, *People v. Vondra*, 240 P.3d 493, 494–95 (Colo. App. 2010), is an additional independent and adequate ground on which to dismiss claim one, *see LeBere v. Abbott*, 732 F.3d 1224, 1233 (10th Cir. 2013) ("Had the Colorado courts decided [petitioner's] claim was waived or forfeited because it could have been but was not raised on direct appeal . . . federal courts would be bound to honor its procedural default holding, absent a showing of cause for the default and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice.") (citing Colo. R. Crim. P. 35(c)(3)(VII)); *see also id.* at 1233 n.13 (identifying cases indicating that Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal habeas review).[3]

In addition to his other arguments, Petitioner also generally takes issue with the state court's reliance on "procedural errors . . . to deny [Petitioner] post-conviction relief rather than focusing on the legal facts of this case that violated [his] constitutional rights." ECF No. 1 at 24. He argues that by doing so, "courts have created a permanent solution to avoid having to acknowledge constitutional violations committed against the defendant that could alter the final outcome of the sentence, convictions, and cases." *Id.* The Court acknowledges Petitioner's frustration, but notes that it is bound by the rule stated by the

---

[3] In the Application, Petitioner takes issue in general with the court's reliance on "procedural errors . . . to deny [Petitioner] post-conviction relief rather than focusing on the legal facts of this case that violated [his] constitutional rights." ECF No. 1 at 24.

13

Supreme Court in no uncertain terms: "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Hickman v. Spears*, 160 F.3d 1269, 1271–72 (10th Cir. 1998) ("Failure to follow [state] procedural requirements prevents any further post-conviction relief unless petitioner shows a sufficient reason for the default." (citation omitted)). Petitioner fails to meet the high bar for the exception outlined in *Coleman* because he cannot "demonstrate cause for the default and actual prejudice," *Coleman*, 501 U.S. at 750, for his delay. And although Petitioner states that he "did not have enough information to present to this court to file a proper Writ of Habeas Corpus after my first denial of post-conviction relief by all three courts in the State of Colorado," ECF No. 1 at 25, he does not explain what new information he has acquired since the CCOA's previous ruling such that the Court should consider claim one now. Without more, Petitioner's failure to follow Colorado's rules for post-conviction relief is a proper ground on which to deny the habeas relief he now seeks.

Finally, the Court agrees with Respondent that because claim one lacks merit, Petitioner has not demonstrated that the exception in *Martinez* should apply here. In *Martinez*, the Supreme Court stated that "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a

14

substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). But Petitioner is unable to make that showing with respect to claim one, which is premised on the existence of a purportedly false statement in the first police report regarding the name of a person who introduced one of the identified victims to Petitioner. ECF No. 1 at 9. Indeed, resolution of the charges to which Petitioner ultimately pleaded are not impacted by an incorrect identification of the person who allegedly introduced Petitioner to the victim. Accordingly, Petitioner's first claim for ineffective assistance of counsel is meritless and must be dismissed.[4] *See United States v. Long*, 725 F. App'x 731, 732 (10th Cir. 2018) (Where an "omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." (citing *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999)).

### C.    Claims Two and Three

#### 1.    *Whether Claims Two and Three Were Adjudicated On The Merits In State Court*

As an initial matter, Respondent argues that because claims two and three were raised in Petitioner's first state court postconviction proceedings and adjudicated on the merits, they should be evaluated under the highly deferential standards of § 2254(d). ECF No. 13 at 9 (citing ECF No. 8-3). The Court agrees, and Petitioner does not argue

---

[4] In addition to the purportedly incorrect name in the police report referenced in claim one, Petitioner also argues that the first police report contains a "lack of evidence" to support the alleged victim's statement regarding his interactions with Petitioner. ECF No. 1 at 9–10. As with the purportedly false statement in the first police report, the Court finds that any failure to raise issue by Petitioner's attorney is similarly without merit.

otherwise. *Compare* ECF No. 1 *and* ECF No. 8-3.

In claim two, Petitioner asserts that his attorney's performance was constitutionally deficient because the attorney failed to inform the state court that the number assigned to Petitioner's seized cell phone and the number listed in the underlying affidavit and search warrant did not match. ECF No. 1 at 11–12. Petitioner states that he informed his counsel about the discrepancy, but counsel failed to take action and instead told him "that errors like this one are overlooked because of the high number of issued search warrants." *Id.* at 11. Petitioner concedes, however, that the search warrant also refers to "any other cellular phones owned by Scot Stockwell."[5] *Id.* at 11.

In his third claim, Petitioner contends that his plea counsel's performance was constitutionally deficient because he failed to identify and bring to the court's attention certain purportedly critical factual discrepancies contained in the various reports relevant to his criminal proceedings. *See id.* at 20 (asserting that his attorney did not "catch the multiple discrepancies," "didn't catch the fact that fabricated evidence was being used against me," and "failed to bring the multiple discrepancies that created the harmful and plain error and the fabricated evidence to the court's attention"); *see also id.* at 19–20 (arguing that "information in the incident report does not match to the information contained in the first police report in the Weld County file and in the [presentence report]

---

[5] In connection with claim two, Petitioner asserts that plea counsel's actions violated his Fourth Amendment right to be free from unreasonable search and seizure. *See* ECF No. 1 at 13. But counsel's alleged ineffectiveness is properly considered in the context of the Sixth Amendment right to counsel. *See generally United States v. Watson*, 766 F.3d 1219, 1224–25 (10th Cir. 2014). Therefore, the Court's analysis is limited to the asserted violations of the Sixth Amendment.

in the Larimer County file").[6] Petitioner contends that he was prejudiced by his plea counsel's failure to "bring the multiple discrepancies . . . and the fabricated evidence to the court's attention," *id.* at 20, and contends that had this information been presented to the prosecution, it would have "stopped this trainwreck of a case before [Petitioner] accepted a plea deal full of constitutional violations," *id.* at 21.

Upon review, the Court finds that Petitioner previously raised both claims in a postconviction motion. *See* ECF No. 8-3 ¶ 14 (CCOA dated Jan. 6, 2022 stating that Petitioner "argued that plea counsel should have moved to suppress evidence obtained from his cell phone because the search warrant was defective for listing an incorrect phone number. He also asserted that plea counsel failed to investigate allegedly inaccurate information in police and incident reports regarding individuals other than the victims in the underlying case."). These are the same arguments on which Petitioner's second and third claims are based. *See* ECF No. 1 at 11–23. And both claims were considered and rejected on the merits by the CCOA because Petitioner failed to demonstrate either deficient performance or prejudice. *See* ECF No. 8-3 ¶¶ 33–42.

---

[6] Specifically, Petitioner alleges that counsel:

> didn't catch the fact that two different people are being described in the police reports and the incident report; these two people share the same first name and the first initial of their last names. He also didn't catch the fact that the person in the incident report states I took pictures of him using a camera but no pictures were found on any of the compact flash memory cards that were seized with my camera the day of the search, never stated he sent pictures to me through Facebook messenger where these pictures were found, and never confirmed whether or not the pictures being used against me are actually of the person in the incident report.

ECF No. 1 at 20.

As the CCOA has already adjudicated the basis of claims two and three on the merits, the Court applies below the deferential standards of § 2254(d) in its review of the CCOA's order, ECF No. 8-3, resolving claims two and three when evaluating the Application.

2.  *Analysis of Claims Two and Three Under § 2554(d)*

With respect to the allegedly deficient attorney performance underlying claim two, the CCOA found that Petitioner "did not adequately explain why a motion to suppress the cell phone evidence, if filed, would have been granted." ECF No. 8-3 at 14. And with respect to the deficient performance prong for claim three, the CCOA found that "[Petitioner] failed to identify what an adequate investigation would have uncovered or explain why an investigation into the asserted discrepancies in information regarding individuals unrelated to the present matter would have negated his guilt on the acts he committed against the victims in this matter." *Id.* at 12.

Invoking *Strickland*, 466 U.S. at 689–90, the CCOA concluded that, Petitioner failed to demonstrate a reasonable probability for either claim that, but for the challenged conduct, he would have rejected the plea offer and proceeded to trial. The CCOA then reasoned Petitioner failed to meet the *Strickland* standard because:

> If [Petitioner] had proceeded to trial, the most serious charge Stockwell would have faced was a class 4 felony unlawful sexual contact count. *See* § 18-3-404(1.5), (2)(b), C.R.S. 2022. The court file and the postconviction court's order outlined the incriminating evidence that would have been presented at trial to prove that charge, such as the Facebook messages, the victims' testimonies, and the pretextual phone call.
>
> A defendant convicted of felony unlawful sexual contact is subject to the

18

provisions of the Sex Offender Lifetime Supervision Act, *see* § 18-1.3-1003(4), (5)(a)(III)(A), C.R.S. 2022, which requires the imposition of an indeterminate prison sentence. § 18-1.3-1004(1)(a), C.R.S. 2022. Thus, if convicted at trial, Stockwell would have faced substantial punishment.

Instead, Stockwell's acceptance of the plea offer resulted in the dismissal of multiple felony sexual offense charges in the underlying case and in the Weld County case, as well as sentencing stipulations of a determinate prison sentence in the Weld County case and a probationary sentence in this matter.

Indeed, at the providency and sentencing hearings, plea counsel repeatedly conveyed to the trial court that Stockwell's decision to accept the plea offer was based on his overarching desire to avoid an indeterminate prison sentence.

Thus, we are not convinced that Stockwell demonstrated that, under these circumstances, it would have been rational for him to reject the plea offer and proceed to trial. *See Corson*, ¶¶ 42-43 (The defendant did not show a reasonable probability that he would have rejected a plea offer and proceeded to trial because the plea agreement provided substantial benefits to him and he "faced a daunting risk at trial."); *People v. Sifuentes*, 2017 COA 48M, ¶ 21 ("Various factors should inform a court's analysis of whether a decision to reject the guilty plea would have been rational," including "the strength of the prosecution's case" and "the attractiveness of the plea deal and the risks of going to trial."); *see also People v. Campos-Corona*, 2013 COA 23, ¶ 15 ("Under the circumstances presented to the trial court, it would not have been rational for [the defendant] to proceed to trial when his overriding goal was to avoid prison.").

ECF No. 8-3 ¶¶ 38–42.

Applying the highly deferential standard under § 2254(d), the Court finds that the CCOA's analysis and application of federal law, quoted above, is reasonable and comports with *Strickland*'s standards. In particular, the Court is persuaded by the CCOA's recognition of the fact that Petitioner's plea agreement satisfied his overarching desire to avoid the possibility of an indeterminate life sentence (which he faced if he convicted at

trial), and thus Petitioner was not prejudiced in accepting it. Petitioner's inability to demonstrate a reasonable probability that he would have insisted on going to trial but for plea counsel's alleged ineffectiveness also precludes a finding of prejudice. The Court also agrees that Petitioner's criminal attorney's decision not to act on the facts underlying claims one and two was not so "lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Thus, the Court agrees with the CCOA that counsel's performance did not fall below the standard of objective reasonableness.[7] *See, e.g.*, *Wilson*, 584 U.S. at 125.

Finally, Petitioner fails to demonstrate that the CCOA's decision is based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2). In fact, Petitioner does not identify any factual errors relevant to the state court's analysis of claims two and three. And indeed, the Court must presume the CCOA's factual determinations are correct unless Petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Al-Yousif v. Trani*, 779 F.3d 1173, 1181 (10th Cir. 2015) (the presumption of correctness applies to factual findings of the trial court as well as state appellate courts); *Ellis v. Raemisch*, 872 F.3d

---

7 The Court also agrees that it was not unreasonable for the CCOA to conclude that Petitioner's bare and conclusory allegations are insufficient to demonstrate deficient performance under *Strickland*. *See Cummings v. Sirmons*, 506 F.3d 1211, 1233-34 (10th Cir. 2007) (finding the petitioner's conclusory allegation was insufficient to meet either prong under *Strickland*); *Snow v. Sirmons*, 474 F.3d 693, 724-25 (10th Cir. 2007) (finding the conclusory assertion that the state court's adjudication was unreasonable was not a "sufficient argument for why counsel's failure to object to the evidence was deficient and how such alleged failure prejudiced him").

1064, 1071 n.2 (10th Cir. 2017) (the presumption of correctness also applies to implicit factual findings). Because Petitioner cannot show that the "state courts plainly misapprehended or misstated the record in making their findings" as to a "material factual issue that is central to petitioner's claim," he has failed to establish that the CCOA's factual findings were unreasonable. *Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016) (citation modified).

Accordingly, Petitioner is not entitled to relief with respect to claims two and three.

## IV.    CONCLUSION

For the reasons state herein, it is ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, is DENIED, and this action is DISMISSED WITH PREJUDICE. It is further ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED this 13th day of May 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge